*514 NAHMIAS, Justice,
concurring.
I join the Court’s opinion in full, but I think it is important to note that there is a second type of proceeding in rem to quiet title where the State or its agencies may have claims, as well as another argument that supports the Court’s conclusions.
The little-known and now little-used Land Registration Law of 1917, OCGA §§ 44-2-40 to 44-2-253, is found in the Property Code rather than in the Equity Code with other quiet title proceedings. See generally 3 Daniel F. Hinkel, Pindar’s Georgia Real Estate Law and Procedure §§ 24:1 to 24:66 (7th ed. updated 2015) (“Ga. Real Estate Law”). The Land Registration Law — Georgia’s version of the “Torrens Acts” that were adopted in many states a century ago — established a proceeding “in rem against the land” at issue, with the court’s decree operating directly on the land and establishing title to the land as to all those who are parties either “by name or under the general designation of ‘whom it may concern.’ ” OCGA § 44-2-61. The statutory language regarding who is bound by the judgment in such a proceeding is broad and expressly includes the State. OCGA § 44-2-83 (“Every decree rendered as provided in this article shall bind the land and bar all persons claiming title thereto or interest therein, shall quiet the title thereto, and shall be forever binding and conclusive upon and against all persons, including this state, whether mentioned by name in the order of publication or included under the general description ‘whom it may concern.’ ” (emphasis added)). See also OCGA §§ 44-2-69 (providing for service of the petition upon the State or a county or municipality), 44-2-73 (stating that the notices provided for by the law “shall be conclusive and binding on all persons so notified and on all the world”).
As the Court’s opinion correctly explains, such an in rem proceeding against land does not implicate sovereign immunity, because it is not an “action or claim against the state” (or against any department, agency, officer, or employee of the State). Ga. Const, of 1983, Art. I, Sec. II, Par. IX (a). But it is also apparent from the text of the Land Registration Law that the General Assembly intended that any claims the State may have to the land at issue would be subject to adjudication by the court.
The same cannot be said of conventional quiet title actions, see OCGA §§ 23-3-40 to 23-3-44, which pre-date the Land Registration Law, are not brought in rem, and operate on particular instruments allegedly casting a cloud on title. But the same can be said of actions under the Quiet Title Act of 1966, OCGA §§ 23-3-60 to 23-3-73, which was “designed to adapt the ‘title-laundry’ function of the land registration proceeding to a simpler, speedier form of action.” 3 Ga. Real Estate Law § 25:11 (footnote omitted). See also id. § 24:1 (“Land *515 registration proceedings in Georgia have been largely discontinued since the enactment of the Quiet Title Act of 1966, which serves the same purpose.”).
The General Assembly clearly stated that the proceedings established by the Quiet Title Act are meant to determine all claims to the land at issue, so that there would be no uncertainty as to title that would render land in this State unmarketable:
The purpose of this part is to create a procedure for removing any cloud upon the title to land, including the equity of redemption by owners of land sold at tax sales, and for readily and conclusively establishing that certain named persons are the owners of all the interests in land defined by a decree entered in such proceeding, so that there shall be no occasion for land in this state to be unmarketable because of any uncertainty as to the owner of every interest therein.
OCGA § 23-3-60 (emphasis added). The proceeding is expressly in rem, and its scope is expressed in exceptionally broad terms, operating “against all the world to establish [the petitioner’s] title to the land and to determine all adverse claims thereto ..., which proceeding maybe against all persons known or unknown who claim or might claim adversely to him, whether or not the petition discloses any known or possible claimants.” OCGA § 23-3-61 (emphasis added).
As the Court’s opinion notes, all title to land in Georgia originates from the State, see OCGA §§ 44-5-1 and 44-5-2, so the State has a possible adverse claim of title that will be determined in virtually every action to quiet title against the world, and innumerable such actions also will involve tax claims of the State and its agencies and subdivisions of the sort at issue in this case. While the Quiet Title Act (unlike the Land Registration Law) does not include an express reference to binding “the state,” interpreting the Quiet Title Act to exclude claims that the State raises or could raise would contradict the statute’s against-all-the-world scope and purpose. Thus, as with the Land Registration Law, even if sovereign immunity had some import for this sort of in rem proceeding, it is clear that the General Assembly meant for any claims the State might assert against the land to be adjudicated by the court. See 3 Ga. Real Estate Law §25:11 n. 4 (“The [Quiet Title Act of 1966] itself does not expressly provide the necessary consent of the State to be sued, but the action is against ‘all the world,’ which includes even a sovereign state, and its provisions for determining the validity of tax sales necessarily require that the state be made a party. In permitting ‘persons holding lands under tax deeds’ to bring the action (O.C.G.A. § 23-3-61), tax claims of [the] *516 state, county, or city must be examined and adjudicated, and this would be impossible without making proper parties”). Cf. Colon v. Fulton County, 294 Ga. 93, 95-96 (751 SE2d 307) (2013) (explaining that “ ‘(i)mplied waivers of governmental immunity should not be favored,’ [but t]his does not mean . . . that the Legislature must use specific ‘magic words’ such as ‘sovereign immunity is hereby waived’ in order to create a specific statutory waiver of sovereign immunity,” as the operation of the statute at issue may necessarily imply such a meaning (citations omitted)).
Decided February 22, 2016.
Ayoub & Mansour, John A. B. Ayoub, Carolina D. Bryant, for appellant.
Samuel S. Olens, Attorney General, W. Wright Banks, Jr., Deputy Attorney General, Julie A. Jacobs, Senior Assistant Attorney General, Brittany H. Bolton, Assistant Attorney General, for appellees.
Robert J. Proctor, amicus curiae.
In my view, these additional considerations leave no doubt that the Court’s opinion reaches the correct conclusions.
I am authorized to state that Justice Blackwell joins in this concurrence.